THE UNITED STATES OF AMERICA, Complainant,

*v.*

VICTORIANO DE JESUS AND EUSEBIO VALENTIN,
Dfts.

San Juan, Criminal, No. 3133.

Opinion filed January 23, 1924.

*Major Ira K. Wells,* United States District Attorney, and *Major J. A. Smith* of the Judge Advocate General's Department of the United States Army, for the United States.

*Mr. Jaime Sifre, Jr.,* for the defendants.

*Honorable Herbert P. Coats,* Attorney General for Porto Rico, and *Honorable Miguel Muñoz Morales,* Assistant Attorney General for Porto Rico, amici curiæ.

ODLIN, Judge, delivered the following opinion:

The two defendants above named are charged with murder and have been indicted by a grand jury of this court. It is alleged that the crime was committed upon a portion of the San Juan Military Reservation, alleged to be under the exclusive jurisdiction of the United States. Shortly after the finding of the indictment, counsel for the defendants filed a motion to quash the same, together with a special plea to the jurisdiction, attacking the jurisdiction of this court, upon the grounds that the place where the killing is alleged to have occurred is not within the exclusive jurisdiction of the United States; and also that the offense charged is not an offense against the laws of the United States, it being claimed that ordinary crimes committed on the Military Reservation referred to in the indictment in the month of September, 1922, and prior thereto, were within the exclusive jurisdiction of the Insular courts of Porto Rico.

In view of this contention, this court desired argument on behalf of the attorney general of Porto Rico, and his assistant, the Hon. Miguel Muñoz Morales, as amici curiæ. Such argument has been had in connection with Criminal Case No. 3178, being that of United States v. Iglesias, decided this day [ante, 282]. Iglesias being also charged with murder committed upon the stairway of the building in San Juan known as the Santo Domingo Barracks.

The only difference between the Iglesias Case and the present case is that in the former case there is no dispute whatever as to where the killing took place; whereas in the present case there may arise a question as to whether the killing was committed upon a spot within a Military Reservation or upon a spot

near a Military Reservation. Of course, this question of location is purely a question of fact. If, upon the trial, the United States shall fail to prove to the satisfaction of the jury that the killing took place within a Military Reservation, no verdict of guilty can be found. But the question of the motion to quash the indictment and the question arising out of the special plea to the jurisdiction must be decided upon the papers as they stand.

In accordance with the doctrine laid down by this court this day in the Iglesias Case, I am obliged to deny the motion to quash the indictment, and I am also obliged to overrule the special plea to the jurisdiction.

These two men charged with murder and indicted by a grand jury of this court will be tried in May of this year upon such date as may be agreed upon by the United States district attorney and their counsel; but in case of failure to agree upon a date, the same will be fixed by this court.

To this ruling counsel for the defendants excepts; also the attorney general of Porto Rico excepts.

Done and Ordered in open court at San Juan, Porto Rico, this 23d day of January, 1924.